THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>   v.<br><br>ISRAEL PEREZ VILLANEUVA,<br><br>  Defendant. | CASE NO. CR19-0192-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a reduction in sentence (Dkt. No. 47). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced on January 6, 2021, for possession of methamphetamine and heroin with intent to distribute (Count 1) and possession of a firearm in furtherance of a drug-trafficking crime (Count 2). (*See* Dkt. Nos. 12, 44, 45.) Defendant now asks for a reduction in his sentence, pursuant to Amendment 821 to the USSG. (Dkt. No. 47.) The request is based on the Sentencing Commission's change to the calculation and application of status points to an offender's criminal history category. (*Id.* at 2.)[1]

To qualify for a sentence reduction, amongst other requirements, it must be consistent

---

[1] The amendment reduced or eliminated status points in certain instances. *See* Amendment 821, Part A.

with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2); *see United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). And according to the current version of section 1B1.10(a)(2)(B), a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range. Such is the case here. Defendant's sentencing range is not altered by Amendment 821. This is because the Court *did not* include any status points when calculating Defendant's criminal history category. (*See* Dkt. No. 32 at 5–6.)

Accordingly, Defendant's motion for a reduction of his sentence (Dkt. No. 47) is DENIED.

DATED this 8th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE